

# ARKANSAS COURT OF APPEALS

DIVISION III

No. CV–16–559

| | |
|---|---|
| | **OPINION DELIVERED:** NOVEMBER 9, 2016 |
| ALYSSA EKBERG AND JERRY ASHMORE | |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION [60JV-14-1002] |
| V. | |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES, AND E.H. AND H.A., MINOR CHILDREN | HONORABLE PATRICIA JAMES, JUDGE |
| APPELLEES | SUPPLEMENTAL ABSTRACT AND ADDENDUM ORDERED |

**ROBERT J. GLADWIN, Chief Judge**

In this termination–of–parental–rights case, Alyssa Ekberg and Jerry Ashmore appeal the Pulaski County Circuit Court's order filed April 8, 2016, terminating their parental rights to their two children, E.H. (born October 26, 2007) and H.A. (born December 18, 2013).[1] On appeal, the parents argue that there was insufficient evidence to (1) support the allegation of abuse at adjudication, (2) that termination was in the best interest of the children by clear and convincing evidence, and (3) that aggravating circumstances existed as a ground for termination. We do not reach the merits of appellants' argument because their appellate brief does not comply with Arkansas Supreme Court Rule 6-9 (2016).

---

[1]E.H.'s biological father is Robbie Harper, who consented to termination of his parental rights on January 15, 2016. Jerry Ashmore is the stepparent of E.H. and the biological father of H.A.



At the heart of the Arkansas Department of Human Services' (DHS) case is the bruising found on E.H. in May 2014 and the similar bruising that had previously occurred in Texas when Jerry admittedly used a belt to discipline E.H. We review termination-of-parental-rights cases de novo. *Villaros v. Ark. Dep't of Human Servs.*, 2016 Ark. App. 399, at 4–6, ___ S.W.3d ___, ___. The abstract contained in appellants' brief fails to include an abridgment of the testimony from the record on pages 881–82.

Arkansas Supreme Court Rule 6-9(e)(2)(C) provides that an appellant's petition on appeal shall include

> [a]n abstract or abridgment of the transcript that consists of an impartial condensation of only such material parts of the testimony of the witnesses and colloquies between the court and counsel and other parties as are necessary to an understanding of all questions presented to the court for decision.

Because the questions and answers contained in the record as set forth above are a material part of the testimony, these pages in the record must be included in the abstract. Therefore, the abstract must be supplemented.

Rule 6-9 also provides in relevant part as follows:

> Following the signature and certificate of service, the appellant's petition shall contain an addendum which shall include true and legible photocopies of the order, judgment, decree, ruling, or letter opinion from which the appeal is taken, a copy of *the notice of appeal*, and any other relevant pleadings, documents, or exhibits essential to an understanding of the case[.]

Ark. Sup. Ct. R. 6-9(e)(2)(E) (emphasis added). Further, Arkansas Supreme Court Rule 4–2(a)(8)(A)(i) (2016) provides that all notices of appeal must be included in the addendum, along with "any other pleading or document in the record that is essential for the appellate court to affirm its jurisdiction, to understand the case, and to decide the issues on appeal."

SLIP OPINION

In the instant case, appellants' notices of appeal are included in the record but are not included in the addendum. Further, the psychological evaluation of the parents conducted by Dr. Paul Deyoub and contained in the addendum as "Petitioner's Exhibit 7" is missing page 20. Because the rules above require that the notice of appeal be included along with any document essential for this court to understand the case, appellants must supplement the addendum with the notices and the missing page of Dr. Deyoub's evaluation. Rule 4–2 also provides that if this court determines that deficiencies or omissions in the abstract or addendum need to be corrected, but complete rebriefing is not needed, then the court will order appellant to file a supplemental abstract or addendum within seven calendar days to provide the additional materials from the record to the members of the appellate court. Ark. Sup. Ct. R. 4–2(b)(4).

Accordingly, we order appellants to file a supplemental abstract and addendum within seven calendar days of the date of this opinion. We encourage appellants to carefully and thoroughly review our rules to ensure that no additional deficiencies are present. Ark. Sup. Ct. R. 4–2(b)(4).

Supplemental abstract and addendum ordered.

ABRAMSON and WHITEAKER, JJ., agree.

*Law Office of Kathryn L. Hudson*, by: *Kathryn L. Hudson*, for appellants.

*Andrew Firth*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor children.